IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GWENDOLYN WRIGHT-ADSIDE, :
:
        Plaintiff :
:
    VS. :
:   **5 : 06-CV-112 (HL)**
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
        Defendant. :

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on April 6, 2006, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for disability benefits in December 2001, alleging disability since October 30, 1997, due to "major depression, severe chest pain, trouble sleeping, problems dealing with stress, inability to stay focused, memory problems, headaches, blurred vision, stomach problems, diarrhea, leg pain, colon polyps, pelvic pain, and fatigue". Plaintiff's brief at p. 2. Her application was denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff retained the residual functional capacity to perform light work, but could not return to her past relevant work as an insurance agent, sales manager, and/or director of a community organization. After receiving the testimony of a Vocational Expert, the ALJ determined that there were other jobs in the national economy which the plaintiff remained capable of performing and she was thus not disabled. The Appeals Council

denied review and the plaintiff then filed this appeal, arguing that the ALJ ignored the opinions of treating physician Dr. Naqvi, improperly relied on the opinions of non-examining physicians, failed to consider plaintiff's headaches, chronic fatigue syndrome, and chronic pain syndrome, and relied on an unexplained inconsistency between the VE's testimony and the DOT findings.

At the time of the hearing before the ALJ, the plaintiff was 51 years of age with a high school education and past relevant work experience as an insurance agent, director of community services, and sales manager. She remains a licensed insurance agent. Although counsel for the plaintiff lists a myriad of conditions as the basis for a disability finding, the ALJ's decision notes that she alleges disability based on a hernia, depression, and high blood pressure. The ALJ ultimately found that the plaintiff suffered from severe impairments in the form of major depressive disorder, hypertension, mitral valve prolapse, gastroesophageal reflux disease, gastritis, a hiatal hernia, ulcer disease and colon polyps. R. at 19.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its

judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Treating physician*

The plaintiff argues initially that the ALJ failed to mention or discuss the opinions issued by treating physician Dr. Naqvi, improperly rejected the opinions issued by consulting physicians Dr. Whitley and Dr. Shepherd and improperly relied on the opinions issued by non-examining Government consulting physicians. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).

3

As the <u>Lewis</u> court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." <u>Id.</u>

In regard to the plaintiff's alleged disability due to depression, the ALJ herein found that

> [s]he presented to Dr. John C. Whitley, III, on February 20, 2002, for a psychological consultative evaluation. She reported feeling depressed with symptoms of sadness, social isolation, being easily angered, and irritability that increased after the death of her brother. However, she had not received or sought treatment since 1999. . . . Dr. Whitley diagnosed major depression and opined she could maintain effort and focus to a routine. . . . Later that year on a second psychological evaluation performed by Dr. Robert T. Shepherd in October 2002, the claimant reported significantly reduced daily activities. . . . Dr. Shepherd diagnosed a major depressive disorder and borderline intellectual functioning

R. at 19-20.

The ALJ does not mention or consider the treatment notes and opinion of disability issued by treating physician Dr. Asad Naqvi, who treated the plaintiff for her mental condition between 1998 and 2000. Dr. Naqvi's treatment notes show that he repeatedly found the plaintiff to be suffering from depression with panic attacks and concentration deficits, and that in March 1998 he issued a statement of total disability based on plaintiff's panic disorder. Notably, Dr. Naqvi's treatment notes include the time period following 1999 during which plaintiff did seek and receive treatment for her mental condition, contrary to the ALJ's findings addressing Dr. Whitley's conclusions.

The undersigned finds that the ALJ's failure to address or consider the findings issued by Dr. Naqvi was error and resulted in further and ultimate findings that were therefore not based on substantial evidence. The ALJ chose to rely on the opinions issued by non-examining

4

consultative physicians and otherwise discussed only portions of the opinions issued by one-time examining consultative physicians Drs. Whitfield and Shepherd.  The ALJ failed to establish any basis of good cause to reject or ignore Dr. Naqvi's treatment notes and opinion of disability, the only apparent record from a psychological treating source in the record.  Moreover, Dr. Shepherd, a consultative psychological examiner, noted in October 2002 that the plaintiff's "situation [of major depressive disorder, severe, with borderline intellectual functioning] has now reached a more or less chronic state, and because of the nature of the disorder, very little genuine improvement is likely to take place in the foreseeable future."  R. at 408.  The ALJ did not discuss or apparently consider this portion of Dr. Shepherd's findings.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g) for further consideration.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 16th day of August, 2007.

    /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE